IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-968-REB-BNB

ST. PAUL TRAVELERS CASUALTY
AND SURETY COMPANY OF AMERICA,

      Plaintiff,

v.

GUARANTY BANK AND TRUST COMPANY,
PEAK NATIONAL BANK,
COMPASS BANK,
UNION BANK OF CALIFORNIA,

      Defendant(s).

## STIPULATED PROTECTIVE ORDER ON CONFIDENTIALITY

THIS MATTER comes before the Court on the request of the parties for the Court to enter the Stipulated Order on Confidentiality ("Order") submitted by St. Paul Travelers Casualty and Surety Company of America ("Travelers"), in its capacity as Plaintiff in this action (the "Civil Suit"), Guaranty Bank and Trust Company ("Guaranty"), in its capacity as Defendant in the Civil Suit, Peak National Bank ("Peak"), in its capacity as a Defendant in the Civil Suit, Compass National Bank ("Compass"), in its capacity as a Defendant in the Civil Suit, and Union Bank of California ("Union"), in its capacity as a Defendant in the Civil Suit.

The Court, having read the proposed form of Order, and having reviewed the file and being sufficiently advised, finds that this matter is ripe for disposition. The Court

further finds that this Order is in the best interests of Travelers, Guaranty, Peak, Compass and Union and that the parties have approved the entry of this Order.

It is therefore ORDERED as follows:

1. Any party may designate at or prior to the time of production of documents (or the giving of testimony or other information), or as soon thereafter as may be practicable, by the notice "CONFIDENTIAL" legended on the matter disclosed or otherwise, any discovery material produced or disclosed by or on behalf of such party (or any of its accountants, auditors, attorneys, or other agents or advisers), or any portion of such material, and all information derived therefrom as "Protected Information" within the meaning of this Stipulation and Protective Order. Protected Information shall mean and refer to materials which have been reviewed by counsel for the party making the designation and which are being so designated based on a good faith belief that such materials are entitled to protection under Fed. R.Civ. P. 26(c)(7) and which constitute or contain non-public, proprietary and/or confidential information related to the party's business practices, policies or organization, including, without limitation, excerpts from the party's employee procedures manuals.

2. Unless otherwise ordered by this Court in this action, all Protected Information and the information and facts contained or reflected therein will be held by the receiving party solely for the use in the preparation for trial and the trial of, and in any other proceeding in connection with, this action.

3. Except with the prior written consent of the other party, or upon prior order of this Court obtained upon notice to such other party's counsel, Protected Information shall not be disclosed to any person other than:

2

(a) Counsel for the respective parties to this litigation, including in house counsel and co-counsel;

(b) Employees of such counsel assigned to work under the direction of such counsel in preparation of this litigation;

(c) The parties to this litigation and any officer or employee of a party who has management responsibilities, to the extent deemed necessary by counsel, for the prosecution or defense of this litigation;

(d) Witnesses, jurors, consultants and/or experts, to the extent deemed necessary by counsel, for the prosecution of this litigation; and

(e) The Court, if documents subject to this Stipulation and Protective Order are filed or submitted pursuant to paragraph 7.

4.   Any court reporter or other person who is given access to Protected Information pursuant to subparagraphs 3(c) and (d), above, shall, prior thereto, be provided with a copy of this Stipulation and Protective Order and shall execute the Certificate annexed hereto. All Certificates shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

5.   Whenever a deposition involves the disclosure of Protected Information, the deposition or portions thereof shall be designated as confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as confidential after transcription, provided written notice of the

3

designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

6. Any person receiving Protected Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, as set forth in paragraph 3, above.

7. In the event that counsel for any party files in or submits to this Court (a) Protected Information or (b) papers explicitly containing or referring to such information, such documents shall be filed or submitted only in strict compliance with D.C.COLO.LCivR 7.2 and 7.3.

8. Nothing herein shall impose any restriction on the use or disclosure by a party of documents or information obtained by such party independently of discovery proceedings herein, including documents publicly available. Further, no party shall have the right to designate as Protected Information any discovery material produced by an adverse party.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the parties shall try first to resolve such dispute in good faith on an informal basis. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as

4

CONFIDENTIAL under the terms of this Protective Order until the Court rules of the motion. If the designation party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. The party seeking disclosure beyond the terms of this Agreement must serve written notice of such disclosure, indicating the items to be disclosed and the name or identity of each person to whom such disclosure is to be made, upon the party designating the information as "Confidential." Said designating party shall have ten (10) days from the day of service of said notice to object to the disclosure beyond the terms of this Agreement. If the designating party objects, the party may seek a court order to require the disclosure in accordance with Paragraph 7 herein. The information shall not be disclosed until the objection has been resolved either by written agreement of the parties or by Court order.

11. Entry of this Stipulation and Protective Order shall be without prejudice to any application of relief from any restriction hereof or for any other or further restriction on the protection, exchange or use of any document, testimony, interrogatory response or other information produced, given or exchanged in the court of pretrial discovery in this action.

12. Within thirty (30) days after the conclusion of this entire action (by way of dismissal with prejudice, final judgment or appellate decision or order), Protected

Information and all copies thereof shall be returned to counsel for the party by whom, or on whose behalf, such Protected Information has been provided with a certification in writing that all such materials have been returned. Alternatively, the parties may elect to destroy Protected Information, in which case, the destroying party shall provide all parties an affidavit confirming the destruction.

13. All provisions of this Stipulation and Protective Order restricting the communication of use of Protected Information shall continue to be binding after the conclusion of this action.

14. Nothing herein shall be deemed to waive any applicable privilege or protection available to either party. Agreement by a party to entry of this protective Order does not constitute acknowledgement by such party that any discovery materials produced by any other party are in fact confidential or otherwise legally protected.

15. Nothing herein shall be construed as a waiver of any objection which the parties may make as to the admissibility of any evidence at trial.

16. Nothing contained herein shall prevent any party from disclosing its own Protected Information as it deems appropriate.

DATED this 1st day of May, 2006.

BY THE COURT:

_____
United States Magistrate Judge
~~United States District Court Judge~~

6

APPROVED:

S/Helen H. Albee
Neil L. Henrichsen
Helen H. Albee
Henrichsen Siegel, P.L.L.C.
1648 Osceola St.
Jacksonville, FL 32204
(904) 381-8183

L. Jay Labe
Edward M. Allen
PENDLETON, FRIEDBERG, WILSON &
HENNESSEY, P.C.
1875 Lawrence Street, Tenth Floor
Denver, CO 80202-1898
(303) 839-1204
Attorneys for Plaintiff St. Paul Travelers
Casualty and Surety Company of
America

S/Jonathan S. Bender by H. Albee
With express permission
Wiley Mayne, Esq.
Jonathan S. Bender, Esq.
Holland & Hart, L.L.P.
555 Seventeenth Street
Suite 3200
Post Office Box 8749
Denver, Colorado 80201
(303) 295-8251
Attorneys for Union Bank of California

S/Nathalie A. Bleuzé by H. Albee
With express permission
Ted R. Sikora II
Thomas C. Bell, Esquire
Nathalie A. Bleuzé, Esquire
Davis Graham & Stubbs LLP
1550 Seventeenth Street, Suite 500
Denver, CO 80202
(303) 892-9400
Attorneys for Guaranty Bank and Trust
Company

S/Brian J. Berardini by H. Albee
With express permission
Brian J. Berardini, Esquire
Brown, Berardini & Dunning, P.C.
2000 S. Colorado Blvd.
Tower Two, Suite 700
Denver, CO 80222
(303) 329 3363
Attorney for Peak National Bank and
Compass Bank

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-968-REB-BNB

ST. PAUL TRAVELERS CASUALTY
AND SURETY COMPANY OF AMERICA,

    Plaintiff,

v.

GUARANTY BANK AND TRUST COMPANY,
PEAK NATIONAL BANK,
COMPASS BANK,
UNION BANK OF CALIFORNIA,

    Defendant(s).

---

## CERTIFICATION OF AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

---

    COMES NOW, _____, pursuant to Paragraph 3 and 4 of the Stipulation Protective Order entered in this case on _____, and hereby notifies the Court he/she has read the Protective Order and agrees to be bound by the terms set forth therein.

_____        _____
Signature                                            Date