**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-00968-REB-BNB

ST. PAUL TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation

      Plaintiff,

v.

GUARANTY BANK AND TRUST COMPANY, a Colorado corporation,
PEAK NATIONAL BANK, a Colorado corporation,
COMPASS BANK, an Alabama corporation, and
UNION BANK OF CALIFORNIA, N.A., a California corporation,

      Defendants.

## ORDER CONCERNING DEFENDANTS' MOTIONS TO DISMISS

**Blackburn, J.**

This matter is before me on **Union Bank's Motion to Dismiss for Lack of Personal Jurisdiction** [#49], filed December 30, 2005. Defendant Union Bank of California, N.A., seeks dismissal of plaintiff's claims under FED. R. CIV. P. 12(b)(2). I grant the motion.

### I. JURISDICTION

I have diversity jurisdiction over this case under 28 U.S.C. § 1332 (a)(1).

### II. FACTS

St. Paul Travelers Casualty and Surety Company (St. Paul Travelers) is the fidelity insurer of Alliance Commercial Partners, LLC (Alliance). Alliance's main office is located in Lakewood, Colorado. Between 2000 through July, 2004, Alliance employee Patricia J. Ragusa embezzled approximately 1,220,079.00 dollars from Alliance bank

accounts via electronic wire transfers to bank accounts maintained by her boyfriend and children. Defendant Union Bank of California, N.A. (Union Bank) was one of the banks that received and accepted wire transfers initiated by Ragusa. St. Paul Travelers alleges that Union Bank was negligent when it accepted unauthorized wire transfers into the account of Ragusa's boyfriend. Plaintiff alleges also that Union Bank's acceptance of the transfers amounts to conversion of the funds. Union Bank's headquarters are in San Francisco, and it maintains 318 banking offices throughout California, Oregon, Washington, New York, and Texas.

After Alliance discovered Ragusa's fraudulent transfers, Alliance filed a claim with St. Paul Travelers, and St. Paul Travelers paid the claim. St. Paul Travelers simultaneously was assigned Alliance's rights to any recovery of losses from those who are fully or partially responsible for the loss.

### III.  PERSONAL JURISDICTION - FED. R. CIV. P. 12(b)(2)

Defendant Union Bank seeks dismissal of the claims against it under FED. R. CIV. P. 12(b)(2), arguing that this court does not have personal jurisdiction over it. When personal jurisdiction is contested, the burden is on the plaintiff to prove that jurisdiction exists. **Wenz v. Memery Crystal**, 55 F.3d 1503, 1505 (10th Cir. 1995). At this early stage of the litigation, that burden is light, and when the motion to dismiss is decided on the papers, the plaintiff need make only a *prima facie* showing that jurisdiction exists. *Id*. The non-conclusory averments of the complaint must be taken as true to the extent they are not contradicted by the defendant's affidavits, and all factual disputes must be resolved in favor of the plaintiff. *Id*.

To establish that the court has personal jurisdiction over a nonresident defendant, the plaintiff must show that jurisdiction is proper under the laws of the forum

state, and that the exercise of jurisdiction does not offend the Due Process Clause of the Untied States Constitution.  ***See, e.g., Far West Capital, Inc. v Towne***, 46 F.3d 1071, 1074 (10th Cir. 1995).  To fall within this Court's personal jurisdiction, a defendant must come within the reach of the Colorado long-arm statute, §13-1-124, C.R.S., and satisfy the minimum contacts requirements of the Due Process Clause. ***See, e.g., International Shoe Co. v. Washington***, 326 U.S. 310 (1945).  Minimum contacts may be established in two ways, through general jurisdiction and specific jurisdiction.  St. Paul Travelers argues that the allegations in its complaint, if true, demonstrate that this court has specific jurisdiction over Union Bank.  St. Paul Travelers argues also that it may be able to establish general jurisdiction if it is permitted to conduct jurisdictional discovery.

### A. General Jurisdiction

General jurisdiction lies when the defendant's contacts with the forum state are so systematic and continuous that the state may exercise personal jurisdiction over the defendant, even if the suit is not related to the defendant's activities in the state. ***Trierweiler v. Croxton and Trench Holding Corp.***, 90 F.3d 1523, 1532-33 (10th Cir. 1996).  Here there is no indication that Union Bank had such systematic and continuous contact with the forum state.  Union Bank maintains no presence in Colorado.  They maintain no offices, branches, property, employees, or bank accounts in Colorado.  The plaintiff does not allege that Union Bank advertises or solicits business in Colorado.

The plaintiff notes two facts that could be relevant to general jurisdiction.  First, the plaintiff asserts that Union Bank participates in a wire communication network that is operated by a network of banking institutions.  Apparently, Union Bank's participation in this wire communication network made it possible for Union Bank to receive the wire

transfers in question here.  The plaintiff argues that Union Bank purposefully directed its services toward Colorado by joining and participating in the wire communication network, and that Union Bank's participation in the wire communication network creates a foreseeable, systematic connection to Colorado.  I disagree.

> The "substantial connection," between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State. The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State.  But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

***Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County***,  480 U.S. 102, 112 (1987) (citations omitted).

Union Bank placed itself in the stream of commerce by joining the network, but none of the plaintiff's allegations indicates that Union Bank's membership in the network, or any other action by Union Bank, amounts to a purposeful availment of the privilege of conducting business in Colorado.  Further, none of the plaintiff's allegations indicates that Union Bank's membership in the network results in systematic and continuous contact between Union Bank and Colorado.  As noted in ***Resolution Trust v. First American Bank***, a finding of jurisdiction based merely on involvement in a national network would subject banks to jurisdiction in all states. 796 F.Supp. 1333, 1335 (C.D. Cal. 1992).  Such nationwide jurisdiction would trespass beyond the minimum contacts boundaries of the Due Process Clause.

Second, the plaintiff notes that "Union Bank is part of a much larger organization that has substantial contacts both nationally and internationally. Defendant Union Bank's majority owner is the Bank of Tokyo-Mitsubishi, Ltd., one of the largest banking institutions in the world." *Plaintiff's response*, p. 3. The fact that Union Bank's majority shareholder is a banking institution that may have substantial contacts with the state of Colorado does not *ipso facto* establish a *prima facie* case of general jurisdiction as to Union Bank. "[A] holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity." **Benton v. Cameco Corp.**, 375 F.3d 1070, 1081 (10th Cir. 2004) (quoting **Quarles v. Fuqua Indus., Inc.**, 504 F.2d 1358, 1362 (10th Cir. 1974)). Nothing alleged in the complaint indicates that there is any basis to disregard the separate corporate existence of Union Bank. Thus, any basis on which this court might have personal jurisdiction over the Bank of Tokyo-Mitsubishi, Ltd. does not support personal jurisdiction over Union Bank. Assuming the allegations in the plaintiff's complaint to be true, there is no basis to conclude that this court has general jurisdiction over defendant Union Bank.

### B.  Specific Jurisdiction

Specific jurisdiction exists when a defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." **Id**.; **Hanson v. Denckla**, 357 U.S. 235, 253 (1958). Under specific jurisdiction, the suit must be related to the defendant's actions in the forum state. The nonresident defendant's contacts with the forum state must be such that maintenance of the suit "does not offend traditional notions of fair play and substantial

5

justice." *International Shoe*, 326 U.S. at 316.  These requirements

> are satisfied if "after reviewing the defendant[s'] interactions and connections with the forum state, the court can conclude" that defendants "purposefully availed [themselves] of the protection and benefits of the laws" of Colorado, the forum state. *United States v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir.2002) (quotation omitted). "[T]he mere foreseeability of causing injury in another state" is insufficient to establish the required contacts. *Trierweiler v. Croxton & Trench Holding Corp*., 90 F.3d 1523, 1534 (10th Cir.1996) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

*Hill v. Pugh*,  75 Fed. Appx. 715, 719, 2003 WL 22100960, **3 (10th Cir. 2003).

In *Resolution Trust v. First American Bank*, the court concluded that mere acceptance of wire fund transfers falls far short of a purposeful availment of the privilege of doing business in the forum state.  796 F.Supp. at 1336.  "Such technology which makes banking services more accessible to customers does not commit the bank to national jurisdiction without some affirmative action." *Id*.  In this case, a requisite, affirmative act by Union Bank is lacking as they did no more than passively accept wire transfers.  *See also Dollar Savings Bank v. First Security Bank of Utah, N.A.* 746 F.2d 208 (3rd Cir. 1984) (holding that wire transfers that originated in the forum state create no expectation of submission to forum state court jurisdiction).  Further, Union Bank did not initiate contact with Colorado and none of the plaintiff's allegations indicates that Union Bank intended to serve Colorado.  The allegations in the plaintiff's do not establish a factual basis for this court to assert specific jurisdiction over defendant Union Bank.

## C.  Conclusion

Assuming the allegations in plaintiff's Complaint to be true, this court has neither general nor specific personal jurisdiction over defendant Union Bank of California, N.A.  Union Bank's motion to dismiss for lack of personal jurisdiction is granted.

## IV. JURISDICTIONAL DISCOVERY

The plaintiff asks that the court defer its ruling on the Motion to Dismiss until plaintiff can conduct jurisdictional discovery. A court considering such a request has broad discretion of either to grant or deny such a request. When, as in this case, the allegations in the complaint do not demonstrate contacts that might be sufficient to establish personal jurisdiction, a request of jurisdictional discovery will not be viewed favorably. **Wenz v. National Westminster Bank, PLC**, 91 P.3d 467, 469 (Colo. Ct. App. 2004) (citing **DM Research, Inc. V. Coll. Of Am. Pathologists**, 170 F.3d 53 (1st Cir. 1999) (plaintiff must allege a factual predicate concrete enough to warrant discovery proceedings, which may be costly and burdensome); **United States v. Swiss Am. Bank, Ltd,** 274 F.3d 610, 626-627 (1st Cir. 2001) (Failure to allege specific contacts, relevant to establishing personal jurisdiction, in a jurisdictional discovery request can be fatal to that request).

Plaintiff has failed to present a sufficient factual predicate for the establishment of personal jurisdiction. If additional discovery were permitted, the current record indicates that it is unlikely that the plaintiff will discover evidence of minimum contacts, because the contacts cease at Union Bank's receipt of electronically-transferred funds. **Bell Helicopter Textron, Inc. V. Heliquest Int'l, Ltd.**,385 F.3d 1291, 1299 (10th Cir. 2004) ("given the low probability that the lack of discovery affected the outcome of this case we find no abuse of the district court's discretion here" in effect denying jurisdictional discovery). Because minimum contacts have not been alleged to the degree necessary for this court to assume personal jurisdiction, the court rejects plaintiff's request to conduct jurisdictional discovery.

## V.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That defendant Union Bank's, **Motion to Dismiss for Lack of Personal Jurisdiction** [#49], filed December 30, 2005, is **GRANTED**;

2.  That plaintiff's request for jurisdictional discovery, as stated in its response [#56], filed January 19, 2006, is **DENIED**;

3.  That under FED. R. CIV. P. 12(b)(2), this case is **DISMISSED** as to defendant Union Bank of California, N.A., a California corporation, for lack of personal jurisdiction.

Dated July 10, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**